UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELIZABETH SOLIS and VICTOR SOLIS, a marital community,<br><br>Plaintiffs,<br><br>v.<br><br>ESSEX PROPERTY TRUST, INC., d/b/a/ ESSEX PROPERTY, INC., a foreign corporation, ESSEX MANAGEMENT CORPORATION, INC., ESSEX PORTFOLIO, L.P., a foreign limited partnership, XYZ CO., a foreign corporation, limited liability company, limited liability partnership, partnership or sole proprietorship,<br><br>Defendant. | Case No. 2:21-cv-01650<br><br>DEFENDANTS ESSEX MANAGEMENT CORPORATION AND ESSEX PROPERTY TRUST, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Essex Management Corporation, Essex Property Trust, Inc., and Essex Portfolio, L.P. (collectively "Essex"), hereby gives notice of removal of this action, captioned *Elizabeth Solis and Victor Solis v. Essex Property Trust, Inc. d/b/a Essex Property, Inc., XYZ Co*, bearing case number 21-2-03556-2 SEA, from the Superior Court of King County, Washington to the United States District Court for the Western District of Washington. This Court has jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441, because there is complete diversity among the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

DEFENDANTS ESSEX MANAGEMENT CORPORATION AND ESSEX PROPERTY TRUST, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT - 1

PDX\127643\262068\JNM\32370618.2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

## I. BACKGROUND AND PROCEDURAL HISTORY

1. On March 17, 2021, Plaintiffs filed in the Superior Court of the State of Washington for King County (the "State Court") a Complaint for Damages ("Complaint") entitled *Elizabeth Solis and Victor Solis v. Essex Property Trust, Inc. d/b/a Essex Property, Inc., XYZ Co*, case number 21-2-03556-2 SEA.  Attached as **Exhibit A**.

2. Essex received service of Plaintiffs' Complaint on March 22, 2021. Declaration of Jayme N. Mori in Support of Defendant Essex's Notice of Removal ("Mori Decl."), at ¶ 2, Ex. A.  The case stated by the initial pleading, was "indeterminate" or not removable from the four corners of the Complaint because it did not specify the amount of damages in controversy.

3. On April 23, 2021, Defendants served a Request for Statement of Damages on Plaintiffs' counsel. Mori Decl., at ¶ 3, Ex. B.

4. On May 7, 2021, Plaintiffs filed an Amended Complaint for Damages adding Essex Portfolio, L.P. as a defendant ("Amended Complaint").  Attached as **Exhibit B**.  The case stated by the Amended Complaint was still "indeterminate" or not removable from the four corners of the Amended Complaint because it did not specify the amount of damages in controversy.

5. On November 11, 2021, Plaintiffs' counsel served a letter in response to Defendants' Request for Statement of Damages indicating the amount in controversy exceeded the sum or value of $75,000, exclusive of interest and costs, by stating the following, "A fair estimate in this case given the extent of the plaintiff's ankle injury would be $350,000." *See* Mori Decl. at ¶ 4, Ex. C.

6. Under 28 U.S.C. 1446(b)(3), this notice of removal is timely because it is filed within 30 days of November 11, 2021, the date upon which Essex was able to ascertain (from

DEFENDANTS ESSEX MANAGEMENT CORPORATION
AND ESSEX PROPERTY TRUST, INC.'S NOTICE OF
REMOVAL TO FEDERAL COURT - 2
PDX\127643\262068\JNM\32370618.2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206-622-1711

an "other paper" – Plaintiffs' Counsel's November 11, 2021 letter) that this case is one which is removable. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("We now conclude that notice of removability under sec. 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry.  Thus, the first thirty-day requirement is triggered by the defendant's receipt of an 'initial pleading' that reveals a basis for removal.  If no ground for removal is evident in that pleading, the case is 'not removable' at that stage.  In such cases, the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper.").

7. Essex received a copy of Plaintiffs' response to Defendants' Request for Statement of Damages on November 11, 2021. Mori Decl. at ¶ 4, Ex. C. Accordingly, under 28 U.S.C. §1446(b)(1) this notice of removal was timely because it was filed by December 13, 2021.  Thirty days from November 11, 2021 falls on Saturday, December 11, 2021.  The following day is December 13, 2021. *See* LCR 6 (a).  Thus, Essex's notice of removal is timely filed because it is filed within 30 days of November 11, 2021.

8. This state-court action is filed in Superior Court of the State of Washington for King County. Thus, venue is proper in the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. §§ 128(b), 1441(a), and 1446(a).

9. Intradistrict Assignment:  Because the Complaint alleges that the purported claim arose in King County, Washington, the case should be assigned to a District Judge in Seattle, pursuant to Civil Local Rules 3(e)(1).

10. Written notice of the filing of this Notice of Removal will be provided promptly to all parties who have appeared in the state-court action, together with a copy of this Notice of Removal, and such written notice will be filed with the Superior Court of the State of

DEFENDANTS ESSEX MANAGEMENT CORPORATION AND ESSEX PROPERTY TRUST, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT - 3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206-622-1711

PDX\127643\262068\JNM\32370618.2

Washington for King County pursuant to 28 U.S.C. § 1446(d).

11. By filing this Notice of Removal, Defendants do not waive their rights to assert any defenses or objections to which it is entitled, including but not limited to any challenge to personal jurisdiction or the right to have the case dismissed on any other basis.

12. Prior to filing this Notice of Removal, Essex Defendants filed their Answer to the Complaint in state court. Therefore, Defendants will answer or present other defenses and objections in accordance with Federal Rule of Civil Procedure 81(c)(2)(C).

## II. BASIS FOR REMOVAL

13. A defendant to a lawsuit originally filed in state court may remove the case to federal district court if the district court has original jurisdiction. 28 U.S.C. § 1441 ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

14. This removal is based on diversity of citizenship. Federal district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a).

15. A natural person's citizenship is determined by his or her domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "The place where a person lives is taken to be his domicile until facts adduced establish the contrary." *Anderson v. Watts*, 138 U.S. 694, 706, 11 S. Ct. 449, 452 (1891).

16. For the purposes of determining diversity of citizenship, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and

DEFENDANTS ESSEX MANAGEMENT CORPORATION AND ESSEX PROPERTY TRUST, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT - 4

PDX\127643\262068\JNM\32370618.2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

17.  The citizenship of a Limited Partnership (LP), for diversity purposes, is determined by the citizenship of the LP's members. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2003) ("[A] partnership is a citizen of all of the states of which its partners are citizens").

### A. Diversity of Citizenship

18.  Complete diversity of citizenship exists under the laws and principles governing diversity jurisdiction:

   a. According to Plaintiffs' Complaint, Plaintiffs Elizabeth Solis and Victor Solis, are individuals residing in King County, Washington. *See* Ex. B, Amended Complaint at ¶1.1.

   b. Essex Property Trust, Inc. is incorporated in Maryland and has its principal place of business in the State of California.

   c. Essex Management Corporation is incorporated in California with its principal place of business in the State of California.

   d. Essex Portfolio, L.P. is organized in the State of California with its principal place of business in the State of California. The sole general partner listed on the Certificate of Limited Partnership is Essex Property Trust, Inc. Mori Decl. at ¶ 5, Ex. D. The address of the general partner was amended on February 29, 2016, to 1100 Park Place Suite 200, San Mateo, CA 94403. Mori Decl. at ¶ 6, Ex. E. Thus, none of the limited partners are citizens of Washington.

### B. Amount in Controversy

19.  The amount in controversy exceeds the sum of $75,000, exclusive of interests and costs. Where it is not facially evident from the complaint that the amount in controversy

DEFENDANTS ESSEX MANAGEMENT CORPORATION AND ESSEX PROPERTY TRUST, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT - 5

PDX\127643\262068\JNM\32370618.2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206-622-1711

exceeds $75,000, the removing party must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement. *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003).  Here, it is not facially evident from the complaint that the amount in controversy exceeds the jurisdictional requirement under 28 U.S.C. § 1332.  Pursuant to 101(a), Removing Defendants set forth the following reasons giving rise to their good faith belief that plaintiff is seeking damages in excess of $75,000:

    a. On November 11, 2021, Plaintiffs' counsel served a letter in response to Defendants' Request for Statement of Damages indicating the amount in controversy exceeded the sum or value of $75,000, exclusive of interest and costs, by stating the following, "A fair estimate in this case given the extent of the plaintiff's ankle injury would be $350,000."

    b. The November 11, 2021 letter further states "If defendant wishes to resolve this matter for the total amount(s) above listed at this time, please send a draft Release/Settlement Agreement and, if desired Hold Harmless Agreement for the plaintiff's signature only within 15 days of receipt of this letter/Statement." *Id.* at p. 3

    c. "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc*., 281 F.3d 837, 840 (9th Cir. 2002).

    d. The November 11, 2021 letter from Plaintiffs' counsel reflects the reasonable estimate of Plaintiffs' claim.  Thus, based on the November 11, 2021 letter from Plaintiffs' counsel the amount in controversy exceeds the $75,000 threshold, exclusive of interests and costs, as required by 28 U.S.C. § 1332(a).

20.    Notwithstanding the fact that the prayer of the complaint does not specify the dollar damages being sought, Essex Defendants have a good faith belief Plaintiffs are seeking damages in excess of $75,000. LCR 101(a).  The amount in controversy exceeds the sum of

DEFENDANTS ESSEX MANAGEMENT CORPORATION AND ESSEX PROPERTY TRUST, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT - 6

PDX\127643\262068\JNM\32370618.2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206-622-1711

$75,000 by a preponderance of the evidence.

WHEREFORE, Essex Defendants give notice that this action, now pending in Superior Court of the State of Washington for the County of King as Case No. 21-2-03556-2SEA is hereby removed from King County Superior Court to U.S. District Court, Western District of Seattle.

Dated this 9th day of December, 2021.

SCHWABE, WILLIAMSON & WYATT, P.C.

By: s/ Jayme N. Mori
Jayme N. Mori, WSBA #50578
Email: jmori@schwabe.com
Allison K. Krashan, WSBA #36977
Email: akrashan@schwabe.com
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
*Attorneys for Defendants Essex Management Corporation, Essex Property Trust, Inc., and Essex Portfolio L.P.*

DEFENDANTS ESSEX MANAGEMENT CORPORATION AND ESSEX PROPERTY TRUST, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT - 7

PDX\127643\262068\JNM\32370618.2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

**CERTIFICATE OF SERVICE**

The undersigned declares under penalty of perjury, under the laws of the State of Washington, that the following is true and correct:

That on the 9th day of December, 2021, I arranged for service of the foregoing DEFENDANTS ESSEX MANAGEMENT CORPORATION, ESSEX PROPERTY TRUST, INC., AND ESSEX PORTFOLIO L.P.'S NOTICE OF REMOVAL TO FEDERAL COURT to the parties to this action as follows:

> Patrick R. West, WSBA #42949
> West Law Firm, P.S.
> 524 Tacoma Avenue South
> Tacoma, WA 98402
> 253-383-4704
> 253-383-7244
> patrick@westlawtacoma.com
> leanne@westlawtacoma.com

by:

- ☐ U.S. Postal Service, ordinary first class mail
- ☐ U.S. Postal Service, certified or registered mail, return receipt requested
- ☐ hand delivery
- ☐ facsimile
- ☒ electronic service
- ☐ other (specify) _____

*Tara Roberts* (signature)
Tara Laing, Legal Assistant

CERTIFICATE OF SERVICE - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone 206-622-1711

PDX\127643\262068\JNM\32370618.2